# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENE RAYMOND MATTHEWS, III,<br><br>Plaintiff,<br><br>v.<br><br>S. RAMOS, et al.,<br><br>Defendants. | Case No. 1:22-cv-01508-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL, WITHOUT PREJUDICE<br><br>(ECF No. 11) |

Plaintiff Gene Raymond Matthews, III is proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On November 21, 2022, this case was transferred from the United States District Court for the Eastern District of California, Sacramento Division.

Currently before the Court is Plaintiff's motion for appointment of counsel, filed October 24, 2022. Plaintiff seeks appointment of counsel because: (1) he has limited knowledge of the law; (2) he is indigent and cannot afford a lawyer; (2) his case is complex; (3) expert testimony will be required; (4) discovery will be required; (5) his imprisonment limits his ability to investigate and locate witnesses; and (6) he has been unable to obtain counsel on his own behalf.

There is no constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern

1

1  District of Iowa, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the
2  Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113
3  F.3d at 1525.

4        Without a reasonable method of securing and compensating counsel, the Court will seek
5  volunteer counsel only in the most serious and exceptional cases.  In determining whether
6  "exceptional circumstances exist, the district court must evaluate both the likelihood of success
7  on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the
8  complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

9        In the present case, the Court does not find the required exceptional circumstances.  Even
10 if it assumed that Plaintiff is not well versed in the law and that he has made serious allegations
11 which, if proved, would entitle him to relief, his case is not exceptional.  The Court is faced with
12 similar cases almost daily.  While the Court recognizes that Plaintiff is at a disadvantage due to
13 his pro se status and his incarceration, the test is not whether Plaintiff would benefit from the
14 appointment of counsel.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) ("Most
15 actions require development of further facts during litigation and a pro se litigant will seldom be
16 in a position to investigate easily the facts necessary to support the case.")  The test is whether
17 exception circumstances exist and here, they do not.  At this stage of the litigation, the Court
18 cannot find Plaintiff is likely to succeed on the merits as the Court has yet to screen his
19 complaint. In addition, circumstances common to most prisoners, such as lack of legal education
20 and limited law library access, do not establish exceptional circumstances that would warrant a
21 request for voluntary assistance of counsel.  Accordingly, Plaintiff's motion for the appointment
22 of counsel is denied, without prejudice.

23
24 IT IS SO ORDERED.

25 Dated: **November 22, 2022**

                                            UNITED STATES MAGISTRATE JUDGE